Porter, J.
delivered the opinion of the court. This is a suit to have a decision of arbitrators homologated. In the petition it is alleged that the parties having had differences respecting the settlement of their accounts, had agreed on a compromise, and had submitted all matters contested between them to the dicision of certain persons therein named. That these arbitrators, and an umpire by them chosen, had made their award, by which they had sentenced the defendant, Hotz, to pay to the plaintiff and appellant the sum of $560; and that the said defendant, though duly notified of said award, had refused therewith to comply. The petition con *201 cludes by a prayer, that the court may approve said award, and order it to be put in execution with interest and costs.
East’n District.
Jan. 1821.
To this petition the defendant answered, that the award of said arbitrators ought not to be homologated.
1. Because it ought to contain the reasons and motives of the arbitrators.
2. Because it ought to be clear and precise, and that on the contrary, it is vague, obscure, uncertain and unintelligible.
3. Because it ought to be written in the English language.
4. Because for the same reason it does not appear properly that the arbitrators were sworn as they ought to have been.
The judge before whom the cause was tried, refused to homologate the award, on the ground that it was not drawn up in the language in which the constitution of the United States is written, and by reason that it was not otherwise sufficiently certain.
From this judgment the plaintiff appealed.
The opinion which the court formed on the third objection set forth in the defendant’s an *202 swer, renders it unnecessary to examine the other points made in the cause.
The constitution of this state has provided, art. 6, sec. 15, “ That all laws that may be passed by the legislature, and the public records of the state, and the judicial and legislative written proceedings of the same, shall be promulgated, preserved, and conducted in the language in which the constitution of the United States is written.”
To ascertain whether the sentence of arbitrators, to which the aid of this court is demanded in order that execution may issue on it, is such an act as comes within the provision just cited; it is necessary to examine what is the nature of the act itself, and next what is the power of the court in relation to it. If it is merely the evidence on which judgment is to be rendered, then it may be written in any language the parties choose to adopt. If on the contrary, it should be found to be a judgment in itself, and over which this court has no controul, except to place it on the record, and order its execution; it will then follow, that it must be drawn up in that language in which our constitution requires judicial proceedings to be preserved and conducted.
*203 Proceeding in the enquiry, we find that nearly every feature presented by a suit at law belongs equally to proceedings carried on before arbitrators, there is common to both modes of litigation, actor, reus & judex, the contestatio litis, and judgment on the issue joined. Our laws have provided that the persons selected as arbitrators must take an oath to decide correctly all matters submitted to them with integrity and impartiality. That the parties must declare their pretentions, and prove them in the same manner as in a court of justice, that arbitrators should determine as judges agreeable to the strictness of the law, Civil Code, 442, art. 12, 13, 14, and that the party not satisfied with the sentence may take an appeal, Civil Code, 444, art. 33. The court, whose aid is required to give the award effect, by ordering its execution, is prohibited any re-examination of its merits, and confined to the mere ministerial duty of enforcing the sentence, Civil Code, 444, art. 32. It is classed among judicial mortgages by a provision of our laws, which declares that the sentence of arbitrators gives a mortgage from the day execution is ordered by the judge, Civil Code, 454, art. 12, and finally, if not reversed on appeal, *204 it obtains the authority of res judicata, and has, between the parties, the same effect, Curia Phillipica 2, c. 14. no. 28: Part. 3, 4, 35.
With the exception then, that the aid of another tribunal is required to give effect to the decision of arbitrators, it is not easy to perceive the difference between their award and the judgment of a court. But whatever may be the proper character of proceedings of this kind, carried on before judges of the parties own choosing, and whether they are “judicial proceedings,” or not in the language of the constitution, a question not necessary at this moment to decide, this court is clearly of opinion that whenever one of the parties who may have submitted their cause to arbitrators, applies to courts of justice to have the decision of their arbitrators executed, that with this application at least commences a “ judicial proceeding,” and that to make the award valid which the party thus presents for homologation, it must be written in that language which the constitution requires, otherwise it would not judicially appear on the records of the court, by virtue of what sentence or judgment execution was ordered.
If indeed, as has been contended, the tribu *205 nal to whom application is thus made, could new model the decision of the arbitrators, give judgment in another form, and in other words, then the objection here taken perhaps could not be sustained. But after the most attentive consideration, we have been able to bestow on the subject, we do not see how such a power can be exercised; all that the court can do, is to order that the award be executed, to direct that execution issue on the judgment presented : in making this order, it of course becomes necessary that the judgment which authorises it should be placed on record, and to be so placed, it must be in that language in which is written the constitution of the United States.
Seghers for the plaintiff, Denys for the defendant.
It is therefore ordered, adjudged, and decreed, that the judgment of the district court be affirmed with costs.